UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 22bk10945 |
| | ) | |
| The BarTech Group of Illinois, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING TO ALAN L. BRAUNSTEIN AND THE LAW FIRM OF RIEMER &
BRAUNSTEIN LLP, ATTORNEYS FOR DEBTOR, FOR ALLOWANCE AND PAYMENT
OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $901,781.85 | TOTAL COSTS REQUESTED: | $7,381.22 |
| TOTAL FEES REDUCED: | $0.00 | TOTAL COSTS REDUCED: | $4,206.16 |
| TOTAL FEES ALLOWED: | $901,781.85 | TOTAL COSTS ALLOWED: | $3,175.06 |

TOTAL FEES AND COSTS ALLOWED: $904,956.91

Upon consideration of the Application (the "Application")of Alan L. Braunstein and the Law Firm of Riemer & Braunstein LLP (the "Firm") for Final Compensation and for Reimbursement of Expenses as Counsel to the Debtor for Period November 1, 2022, to and including August 7, 2023 (the "Application Period"), whereby the Firm seeks allowance of the previously filed and allowed interim compensation [Dkt. No. 151] as final, and further final compensation, for a total amount of $901,781.85 and final expenses in the amount of $7,381.22; the court having reviewed the Application and the prior Interim Application [Dkt. No. 118];

IT IS HEREBY ORDERED THAT:

1.      The Firm are allowed the interim fees previously allowed in the amount of $75,000.00 as final and authorizing payment of the balance of $33,844.85 which was not paid.

2.      The court has reviewed the time entries in the Interim Application and the Application and found $22,596.40 in reductions based on the following categories: (i) $5,262.50 for work that is unauthorized because it was billed for work completed prepetition; (ii) $7,077.00 for vague time entries; (iii) $1,171.40 (or 10% of $11,714.00 charged) for time entries that are lumped; (iv) $7,227.50 for duplicate efforts of attorneys in meetings or hearings; (v) $733.00 for errors in time (discrepancies in two attorneys billing for the same meeting will be reduced to the lower time entry); and (vi) $1,125.00 for parties that billed less than 5.0 hours total to the case and thus could not benefit the estate.  However, the Firm took a voluntary reduction that exceeded the reduction the court would impose.  Upon asking for and reviewing the time entries for the voluntary reduction and finding that many of them would be compensable if the Firm chose to submit the same, the court has declined to reduce any fees sought in the Interim Application and the Application.  The

Firm is cautioned to be aware of these possible categories of reductions and try to avoid them in future applications before the court.

3.      In the Interim Application and the Final Application, the Firm has requested large amounts for photocopies without providing any detail as to the amount of copies or pages used. The Court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant.  *See* 11 U.S.C. §§ 330(a)(1)(B) & 331.  A fee application should demonstrate that the requested expenses for photocopies were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates.  In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $0.10 per page in accordance with prevailing commercial rates.  Given that the Firm has practiced before this court for some time, the court will assume that the expense for photocopies was actual and that only $0.10 per page was charged to the Debtor.  Should the Firm find that the per page expense exceeded that amount, the Firm should reduce its expenses according in a voluntary reduction to the Debtor.  The Firm will provide such detail in future applications for expenses before the court, or such requests will be denied.

4.      The Firm seeks final approval of $1,275.41 that was previously awarded for clerical overtime in the Interim Application and $2,735.95 for clerical overtime in the Application.  The court denies reimbursement for fees or expenses that are overhead costs.  Expenses which are overhead are not compensable because they are built into the hourly rate.  *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987) (Schmetterer, J.).  Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost."  *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (Sonderby, J.) (*quoting In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985) (Toles, J.)).  The court therefore reduces expenses by $4,011.36 for the same.

5.      The Firm seeks reimbursement for three expenses to Alan Braunstein ($150.00, $32.00, and $12.80), but fails to provide any description of the nature of the expense.  Without a description, the court is unable to determine that the expense was actual or necessary as required by 11 U.S.C. § 330(a)(1)(B).  The court therefore reduces expenses by $194.80 for the same.

Dated:  November 17, 2023

_____
Timothy A. Barnes
United States Bankruptcy Judge